**In re Paul A. BOUVIER and Rachel L. Bouvier, Debtors.**

**Bankruptcy No. BK 92–10095.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 29, 1993.

Peter T. Bouchard, Charles S. Sokoloff Inc., Woonsocket, RI, for debtors.

Joseph DiGianfilippo, Sutherland and DiGianfilippo, Woonsocket, RI, for Marquette Credit Union.

*DECISION AND ORDER ON REMAND*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On July 7, 1992, we overruled Marquette Credit Union's objection to the Debtor's Chapter 13 plan, permitting the stripdown of Marquette's mortgage on the Debtor's residential real estate. An appeal was taken to the District Court, and in the wake of *Nobelman v. American Savings Bank,* — U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the District Court reversed our order, but remanded the matter for a determination as to whether the Marquette loan was secured *only* by a mortgage on the Bouvier's residence. The parties have elected to submit the issue on briefs and, upon review of said memoranda, we make the following rulings:

The issue has now been narrowed to whether the Debtors may modify the secured rights of Marquette, pursuant to 11 U.S.C. § 1322(b)(2), where its claim, in addition to being secured by the Debtors' principal residence, is also secured by collateral pledged by a corporation controlled by the Debtors.

It is undisputed that the Debtors' corporation, Integrated Business Solutions, Inc., ("IBS"), gave as additional collateral for a $250,000 business loan, a security interest in all of its assets. The note recites that "[t]his note is secured by a second mortgage on real estate situated at 227 Blackstone Street, Blackstone, Massachusetts, and by a security interest in personal property situated at 345 North Main Street, Woonsocket, Rhode Island, and 571 Cumberland Hill Road, Woonsocket, Rhode Island", and is executed by Paul and Rachel Bouvier on behalf of INTEGRATED BUSINESS SOLUTIONS, INC.

Thus, the Debtors contend, since their obligation to Marquette is not secured *only* by a mortgage on their personal residence, but also by the personal property of IBS, the terms of the loan may be modified in accordance with § 1322(b)(2). Marquette insists however, that § 1322(b)(2) requires that in order to modify the rights of a secured creditor, all of the security must have been given by the same debtor, and not by some third party. We disagree, as the plain language of § 1322(b)(2) speaks for itself:

(b) Subject to subsections (a) and (c) of this section, the plan may—

.    .    .    .

(2) modify the rights of holders of secured claims, other than *a claim* secured only by a security interest in real property that is the debtor's principal residence, . . . .

Nowhere does this provision contain or even imply that to permit modification, the additional security must be given only by the debtors. To read such a condition into § 1322(b)(2) would defeat and distort the purpose of the exception in the first place, i.e. to protect, and thereby encourage lenders who make loans to individuals secured by their homes. Congress apparently did not believe that lenders who obtain additional security were in need of the same protection as those who obtain only residential home mortgages, and we can discern no Congressional intent that such additional security must come from the debtors. Although neither party has provided any supporting authority, based upon our reading of the statute we are satisfied that the modification in question is permissible.

Accordingly, we again overrule Marquette's objection to confirmation of the Debtors' Chapter 13 Plan, based upon the Debtors' satisfactory compliance with § 1322(b)(2).

Enter Judgment consistent with this opinion.